ROBERT P. DUFF & another *vs.* HERBERT L. HILDRETH.

Suffolk.    March 12, 13, 1903. — May 23, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, & HAMMOND, JJ.

*Removal of Suits,* To Circuit Court of the United States. *Practice, Civil.*

That portion of U. S. St. 1887, c. 373, as corrected by U. S. St. 1888, c. 866, which gives jurisdiction to the Circuit Court of the United States only in a district where one of the parties resides, is a provision for the benefit of the parties, which may be waived by the defendant, and does not deprive a defendant who is a non-resident of the State in which an action is brought from removing the case to the Circuit Court of the United States in the district where such action is pending.

When a petition for a removal of a suit to a Circuit Court of the United States is filed in a State court, the only question for the State court to determine is whether on the face of the record including the petition a case for removal is made out. If the decision is in the affirmative and the State court accepts the bond and petition, the case is removed, and there is no occasion for a formal order for removal, which would be of no effect. Issues of fact raised upon the petition or record can be heard and determined only in the Circuit Court upon a petition to remand.

On a petition to remove to the Circuit Court of the United States a suit in equity by the proprietor of an unpatented machine for pulling candy, for an alleged violation of his rights, containing an averment that the matter in controversy exceeds the sum of $2,000, it was *held,* that on the averments in the bill the court could not say that the matter of the controversy, relating to the plaintiff's right to have his property and business undisturbed and undiminished in value by malicious conduct of the defendant, past and prospective, was not capable of being valued in money, and that it did not exceed $2,000 in value.

BILL IN EQUITY, filed January 28, 1903, by a firm of confectioners, proprietors of an unpatented machine for pulling candy, for an alleged violation of their rights by the malicious acts of the defendant.

A petition and bond, for removal of the case to the Circuit Court of the United States for the District of Massachusetts, were filed by the defendant in the Superior Court on January 30, 1903, and were approved by that court. From the order approving the petition and bond the plaintiffs appealed.

*J. S. Richardson & W. Quinby,* for the plaintiffs.

*A. P. Browne,* for the defendant.

KNOWLTON, C. J.    This is an appeal from an order of the Superior Court approving a bond and a petition of the defend-

ant, for the removal of the case from the Superior Court to the Circuit Court of the United States. The plaintiffs are described in the bill as citizens of the United States and residents of Pittsburg in the State of Pennsylvania, and the defendant is described as a citizen of the United States and a resident of Old Orchard in the State of Maine. The petition for the removal of the cause states that the plaintiffs were, at the time of the filing of the bill, and still are citizens of the State of Pennsylvania, and that the defendant was at that time and is a resident of the State of Maine. The statute now applicable to the case presented by the petition, is the act of March 3, 1887, c. 373, 24 U. S. Sts. at Large, 552, as corrected by the act of August 13, 1888, c. 866, 25 U. S. Sts. at Large, 433. The averments of the bill and the petition as to citizenship and residence, when taken together, are sufficient to show jurisdiction in the Circuit Court of the United States, so far as these requirements are concerned. They equally satisfy the requirements of the statute in these particulars as to the right of removal.

It is rightly contended by the plaintiffs that by the terms of § 2 of the statute, the jurisdiction of the Circuit Court of the United States on an application for removal by the defendant of a cause from a State court, is limited to such cases as might have been brought in the Circuit Court. *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454, 461. *Mexican National Railroad* v. *Davidson*, 157 U. S. 201, 208. It is also contended that, inasmuch as under the statute the case could not have been brought originally in the Circuit Court for the district of Massachusetts because neither of the parties is a resident of that district, it cannot be removed to the Circuit Court in that district. But this position is not well taken. That part of the statute which gives jurisdiction to the Circuit Court only in the district where one of the parties resides, is a provision for the benefit of the parties, which may be waived by the defendant. It does not deprive a defendant who is a non-resident of the State in which an action is brought in a State court, from removing the case to the Circuit Court in the district where such action is pending. *Ex parte Schollenberger*, 96 U. S. 369, 378. *St. Louis & San Francisco Railway* v. *McBride*, 141 U. S. 127, 131. *Cowell* v. *City Water-Supply Co.* 96 Fed. Rep. 769. *Creagh* v. *Equitable*

*Life Assur. Society,* 83 Fed. Rep. 849.     *Stalker* v. *Pullman's Palace-Car Co.* 81 Fed. Rep. 989.     *Duncan* v. *Associated Press,* 81 Fed. Rep. 417.

The procedure in the Superior Court is called in question, but we see no error in it. When the petition and bond were filed, it became the duty of the court to determine whether, on the face of the record, including the petition for removal, a case for removal was made out. In such a case, if the decision is in the affirmative, the court accepts the bond and petition, and no further proceedings are had in that court. This was the proceeding, and the only proceeding in this case. There is no occasion for a formal order for removal, and such an order is of no effect. An order denying or forbidding removal would not be effective to prevent removal. The right of removal is established immediately on the filing of a proper bond, and a petition showing on its face that the case is one which the defendant has a right to remove. No issues of fact raised upon the petition or record can be tried in the State court. These can be heard and determined in the Circuit Court upon a petition to remand. *Burlington, Cedar Rapids & Northern Railway* v. *Dunn,* 122 U. S. 513. *Kansas City, Fort Scott & Memphis Railroad* v. *Daughtry,* 138 U. S. 298. *Wabash Western Railway* v. *Brow,* 164 U. S. 271, 278, 279. *Stone* v. *Sargent,* 129 Mass. 503, 506. Some of the expressions in the opinion in *Amy* v. *Manning,* 144 Mass. 153, are not quite accurate, in view of the later decisions of the Supreme Court of the United States quoted above.

It is contended that in another particular the Superior Court was wrong in holding that the petition and pleadings show on their face a case that is removable. It is said that the matter in controversy is not shown to exceed the sum of $2,000. The petition avers that it exceeds this sum, and this averment, unless it is inconsistent with other parts of the record, is controlling. *Sparrow* v. *Strong,* 3 Wall. 97. *Langdon* v. *Hillside Coal & Iron Co.* 41 Fed. Rep. 609. Looking at the averments of the bill, we cannot say that the matter in controversy is not capable of being valued in money, and that it does not exceed $2,000 in value. The controversy relates to the plaintiffs' right to have their property and business undisturbed and undiminished in value by the defendant's malicious misconduct.

The value of their right is not measured by the damages which they have suffered, but by the estimated effect of the wrongful acts of the defendant, past and prospective. *Symonds* v. *Greene,* 28 Fed. Rep. 834. *Whitman* v. *Hubbell,* 30 Fed. Rep. 81. *Mississippi & Missouri Railroad* v. *Ward,* 2 Black, 485, 492. *Rainey* v. *Herbert,* 5 C. C. A. 183, 187. The case is not like *Durham* v. *Seymour,* 161 U. S. 235, in which the whole controversy was whether a certain alleged invention was patentable. In that case no question in regard to value entered into the controversy before the court.

We are of opinion that on the face of the whole record, the case appears to be removable, and that the order approving the bond and petition was correct.

*Order affirmed.*