CHARLES C. DUNBAR *vs.* SOL ROSENBLOOM & trustees.

Suffolk. March 19, 22, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Removal of Suits. Jurisdiction. Trustee Process.*

Under the Judicial Code, U. S. St. 1911, c. 231, §§ 24, 28, 29, in an action to recover a sum greater than $3,000 brought in the Superior Court by a resident of this Commonwealth against a resident of another State begun by trustee process, in which numerous residents of this Commonwealth are named as trustees and

where no service of the writ was made upon the defendant, who appeared specially only to file a petition for the removal of the case to the District Court of the United States, the petition for removal must be granted as matter of right on the record and, if any issues of fact are raised, they must be heard and determined in the federal court.

In such a case the residence of the persons summoned as trustees is immaterial upon the question of the right to removal, they being merely stakeholders having no interest in the main controversy.

The Judicial Code cited above provides in § 29 that a petition for removal must be filed by the defendant "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," and Rule 7 of the Superior Court, 1917, requires that answers and like pleadings shall be filed within twenty-one days from the return or entry day of the writ, and upon the petition for removal above described it was *held* that, as the petitioner had not been served with process and had not appeared voluntarily before he filed his petition for removal, the twenty-one days mentioned in the rule of court had not begun to run and the defendant had complied with the requirement of the Judicial Code by filing his petition for removal earlier than the time limited by the rule.

Under Rule 7 of the Superior Court, 1917, which requires that answers and like pleadings shall be filed within twenty-one days from the return or entry day, the twenty-one days do not begin to run until the time for such return or entry has been specified in a precept of the court served in some adequate form upon the defendant ordering him to appear.

Under § 51 of the Judicial Code, which provides that "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," a defendant resident in another State may maintain a petition for removal of the case to the District Court of the United States for the District of Massachusetts if the plaintiff is a resident of this district.

CONTRACT on an account annexed for $40,000, the account containing a single item of that amount for "Commissions for sale of merchandise and whiskey certificates," many residents of this Commonwealth being summoned as trustees. Writ dated September 15, 1917.

The defendant, being a citizen and resident of the city of Pittsburgh in the State of Pennsylvania, filed on January 14, 1918, a petition for the removal of the case to the District Court of the United States for the District of Massachusetts, presenting therewith a bond in accordance with the requirements of § 29 of the Judicial Code, U. S. St. 1911, c. 231; 36 U. S. Sts. at Large, 1087, alleging that the defendant had not been served with process and had not appeared in any way in the action except by filing the petition for removal.

The plaintiff filed a plea in abatement, praying that the defendant's petition for removal might be abated and dismissed.

The case was heard upon the plea in abatement by *Wait*, J., who made an order overruling the plea and accepting the defendant's petition and bond for removal of the action from the Superior Court to the District Court of the United States for the District of Massachusetts. The plaintiff appealed.

*E. M. Shanley*, for the plaintiff.

*Lee M. Friedman*, (*L. G. King* with him,) for the defendant.

RUGG, C. J. This action of contract was commenced by trustee writ returnable in the Superior Court on the first Monday of November, 1917. The plaintiff is alleged to be a resident of Boston and the defendant a resident of Pittsburgh in the State of Pennsylvania. Numerous residents of this Commonwealth were named as trustees. No service of the writ was made upon the defendant, and he did not appear in court until January 14, 1918, when he appeared specially to file a petition for the removal of the cause to the District Court of the United States for the District of Massachusetts on the ground of diversity of citizenship of the plaintiff and the defendant. On the same January 14, the petition and bond for removal were accepted by the Superior Court. The plaintiff's appeal brings the case here.

The only question presented is whether as matter of law a case for removal is made out on the face of the record. If any issues of fact are raised, they must be heard and determined in the federal and not in the State court. *Long* v. *Quinn Brothers, Inc.* 215 Mass. 85.

All the elements requisite to make out a case for removal on the face of the record are present. This is a civil action at law involving the requisite jurisdictional amount, between citizens of different States, the defendant not being a resident of this State and being the party petitioning for the removal to the federal court, and the petition for removal is in proper form. Judicial Code, U. S. St. 1911, c. 231, §§ 24, 28, 29. 36 U. S. Sts. at Large, 1087. *Chesapeake & Ohio Railway* v. *Cockrell*, 232 U. S. 146, 151, 152.

Although several residents of this Commonwealth are summoned as trustees of the principal defendant, their residence is

immaterial upon the question of removal and cannot defeat the right of the defendant in this regard. The persons summoned as trustees have no interest in the main controversy. They are merely stakeholders. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253. *Cavanaugh* v. *Merrimac Hat Co.* 213 Mass. 384. The residences of the necessary parties adversary respecting the fundamental basis of litigation being in different States, that is enough to require removal to the federal court on the petition of a non-resident defendant. *Bacon* v. *Rives,* 106 U. S. 99, 104. *Wilson* v. *Oswego Township,* 151 U. S. 56, 64. As to removal, the case stands on the same footing as it would if a valid attachment of property of a non-resident defendant had been made in any other manner than by trustee process. See *Clark* v. *Wells,* 203 U. S. 164.

The petition for removal must be filed by the defendant "at the time or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Judicial Code, U. S. St. 1911, c. 231, § 29. Answers and like pleadings must be filed within twenty-one days from the return or entry day of the writ under our practice. Rule 7 of the Superior Court, 1917. It is a necessary implication of this rule that the twenty-one days do not begin to run until the time specified in a precept of the court served in some adequate form upon the defendant ordering him to appear. A defendant cannot be required to plead to an action at law until he has first been summoned to court. *Windsor* v. *McVeigh,* 93 U. S. 274, 279. See *Herbert* v. *Bicknell,* 233 U. S. 70. Special provision is made by our laws for service of a precept upon a non-resident defendant upon whom no personal or other adequate service has been made. R. L. c. 167, § 34; c. 170, § 6. On this record no service had been made on the defendant. Therefore, the time for him to answer under the rule had not come. *Lewis* v. *Northern Railroad,* 139 Mass. 294. It is of no consequence whether he had actual knowledge of the matter or not. He had not appeared voluntarily before filing the petition for removal. Cases like *Olds* v. *City Trust, Safe Deposit & Surety Co.* 180 Mass. 1, *Morrison* v. *Underwood,* 5 Cush. 52, and *Cheshire National Bank* v. *Jaynes,* 224 Mass. 14, relied upon by the plaintiff, have no relevancy in this connection.

No discussion is required to demonstrate that the defendant might at his option appear at an earlier time than that limited by the rule, in order to file his petition for removal. Courts interpose no barrier to the voluntary appearance of defendants seeking an 'early adjudication of their rights.

There can be removal from the State to the federal court only of actions "of which the district courts of the United States are given original jurisdiction." Judicial Code, § 28. With exceptions not here material, "no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Judicial Code, § 51. The plaintiff being a resident of this district, the jurisdiction of the United States District Court for this district may be invoked by petition for removal by a defendant resident in another State. *Duff* v. *Hildreth,* 183 Mass. 440, 441. *In re Moore,* 209 U. S. 490, 500–508. Upon the facts here disclosed, the decision of *Ex parte Wisner,* 203 U. S. 449, has no pertinency.

The case appears to be removable upon the face of the whole record, and the order approving the petition and bond was correct.

*Order affirmed.*