## WILLIAMS v. DELAWARE, L. & W. R. CO.

(District Court, M. D. Pennsylvania. July 23, 1920.)

No. 280.

1. **Removal of causes ⬯37—In condemnation, owner, joined as plaintiff, may remove as a defendant.**

   In a proceeding by a railroad company under the Pennsylvania statute to condemn land, the landowner, a New Jersey citizen, although made technically plaintiff by the statute, is in fact defendant, and is to be so regarded for the purpose of the removal statute.

2. **Removal of causes ⬯89 (1)—State court without jurisdiction to deny removal.**

   Under Judicial Code, § 29 (Comp. St. § 1011), the filing of a sufficient petition and bond for removal ipso facto removes the cause, and deprives the state court of further jurisdiction; any question of the right of removal being for the federal court.

3. **Removal of causes ⬯81—Delay in filing petition does not defeat removal.**

   Mere delay before filing petition and bond *held* not to defeat the right of removal, where the case is still in the condition as to pleadings prescribed by the statute.

At Law. Action by John W. Williams against the Delaware, Lackawanna & Western Railroad Company. On motion to remand to state court. Denied.

H. M. Streeter and H. C. Reynolds, both of Scranton, Pa., for plaintiff.

J. H. Oliver, of Scranton, Pa., for defendant

WITMER, District Judge. Under the right of eminent domain, the Delaware, Lackawanna & Western Railroad Company appropriated some land located in Susquehanna county, Pa., belonging to John W. Williams, a citizen of New Jersey. A formal petition and bond for the purpose, in accordance with the Pennsylvania procedure, was filed in court on March 23, 1914, to No. 105, April term, 1914. Exceptions to the bond were filed, which were afterwards dismissed, and the bond was approved. A bill in equity was filed by Williams after the land was appropriated, one day before the petition and bond was filed as indicated. The equity suit, addressed to No. 100 April term, 1914, was tried in the lower court, and on appeal to the Supreme Court the bill was dismissed. 255 Pa. 133, 99 Atl. 477.

[1] This suit was independent from the condemnation proceedings instituted to No. 105 of April term, and should not be confused with it. In the latter proceeding, the railroad company is the aggressor and Williams defendant; even though the Pennsylvania statute made him technically the plaintiff, so far as the removal statute is concerned, he is nevertheless to be regarded as the defendant. In condemnation proceedings the words "plaintiff" and "defendant" can only be used in an uncommon and liberal sense. Mason City R. R. Co. v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Without proceeding further, the defendant, Williams, on July 19, 1919, presented his petition and bond, asking for removal of the case to this court on the ground of diversity of citizenship. The order of removal was denied for the following reasons:

(1) "There was no suit or action pending at the time of the presentation of the petition and bond, and the application was premature."

(2) "The petitioner, John W. Williams, is not defendant in the suit or action, the nature of which is an action by him, as plaintiff, against the railroad company, as defendant."

There was no occasion for a formal order for removal, and such order is in fact of no effect. The right of removal is statutory, and is established immediately on the filing of a proper bond and petition, showing on its face that the case is one which the defendant has a right to remove under the provisions of the statute. No issue of fact raised upon the petition or record can be tried in the state court. Duff v. Hildreth, 183 Mass. 440, 67 N. E. 356. Where jurisdictional facts authorizing removal of a cause from a state to a federal court exist and are properly pleaded, and all the requirements of the law are met, the cause is in contemplation of law removed, and further proceedings in the state court are void, for the cause is ipso facto removed. Miller v. Soule (D. C.) 221 Fed. 493. Under the statute (section 29 of the Judicial Code [Comp. St. § 1011]) it is the duty of the state court to accept the petition and bond when tendered in proper form, and certify the case to the federal District Court, which will determine for itself whether the case was wrongfully or improperly removed thereto.

[3] It may be readily conceded that considerable time has elapsed before the defendant, Williams, filed his petition for removal, yet there is nothing in the statute to deny to him the right of so doing when he came. The Judicial Code (section 29) provides that such petition may be made and filed at "any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought, to answer or plead to the declaration" or statement, so that, if the cause should be removed, the validity of any and all of its defenses should be tried and determined in the District Court of the United States. Though tardy, this may all as yet be accomplished in the case before the court.

The information presented is sufficient to satisfy the court that the cause is within the jurisdiction of the court, and the motion to remand is denied.