FRED H. EATON & another *vs.* ARTHUR T. WALKER.

Essex.   November 13, 1922. — February 26, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Jurisdiction. Practice, Civil,* Amendment, Parties, Removal to federal court. *Superior Court. Executor and Administrator.*

Upon a petition, by the defendant in an action brought in the Superior Court, to remove the action to the District Court of the United States under §§ 28, 29 of the Judicial Code, the question, whether a cause for removal is made out on the face of the record as a matter of law, must be considered and adjudicated by the courts of the Commonwealth subject to review by the Supreme Court of the United States.

In an action which was brought in the Superior Court by a writ directing attachment of goods or estate described as formerly of a named testator and then "in the possession" of the executor of his will, and summoning the executor to answer to the action, and in which the declaration set forth a claim for professional services as an attorney at law rendered to the executor with relation to the administration of the estate, the court has jurisdiction and power under G. L. c. 231, § 51, to allow an amendment of the writ striking out all reference to the estate of the testator and to the fact that the defendant was an executor and leaving it solely against the person who was the executor as the defendant in his individual capacity.

A party to a cause of action in his capacity as executor or administrator is a different person in law from the same individual when party to a cause of action in his individual capacity.

The person made defendant in his individual capacity by the amendment above described did not become defendant by succession to or by substitution for himself in his capacity as executor, and the bringing of him in as an individual party by substitution for himself in the capacity of executor, while necessary to the maintenance of the cause of action set out in the declaration, was not ancillary nor incidental to the prosecution of the original cause of action; but it was in essence an independent proceeding although permitted by our practice in the form of an amendment.

Words, expressions and reasoning used in judicial opinions with reference to the single question actually before the court cannot be wrested from their context and applied authoritatively to the determination of other questions.

If an executor of a will, who, as the defendant in an action at law begun in the Superior Court, has ground for removing the action to the District Court of the United States under §§ 23, 24 of the Judicial Code, fails to avail himself of that right within the time prescribed in those provisions, this does not prevent him later as an individual from maintaining successfully a petition for such removal immediately after the allowance of an amendment of the writ which eliminates him as a party in his capacity as an executor and substitutes him as a party in his individual capacity and after he has filed pleadings showing that the proceeding was *in invitum* as to him individually.

CONTRACT for the value of professional services as attorneys at law alleged to have been rendered to the defendant by the plaintiffs, copartners under the name and style, Eaton and Chandler. Writ dated July 22, 1921.

The original writ and declaration and the plaintiffs' motion to amend the writ are described in the opinion. The motion was heard by *Irwin*, J., and was allowed. Notice thereof was given by the clerk of courts to the statutory agent of the executor of the will of Edward F. Searles and to his attorneys of record in the Superior Court. Thereupon, on February 6 and 7, 1922, special appearances were filed on behalf of the defendant, Arthur T. Walker, as an individual, "for the following purposes and none other, — (1) of objecting to the jurisdiction for want of service upon Arthur T. Walker, and (2) without waiving such objection to jurisdiction, for the purpose of objecting to the plaintiffs' amended writ and declaration for non-joinder of Lewis L. Delafield as defendant jointly with said Arthur T. Walker, and (3) without waiving such objections to the jurisdiction and to the non-joinder of said Delafield, for the purpose of removing said cause to the District Court of the United States." On February 8–11, 1922, there were filed by such attorneys the petition for removal to the District Court of the United States for the District of Massachusetts and bond, described in the opinion, a motion to dismiss the action "for the reason that no service of process herein has been made upon the said Arthur T. Walker as defendant in said amended writ," which motion was filed "without waiving" the petition and bond for removal; and a plea in abatement, which specifically stated that it was filed without a waiver of the petition and bond for removal and the motion to dismiss and which was based on a failure to join as defendant one Lewis L. Delafield of the city, county and State of New York.

The petition for removal was heard by *Irwin*, J., and he, being of opinion that the allowance or denial of the petition ought to be determined by this court before any further proceedings in the Superior Court, reported the case to this court for its determination as to whether or not the petition for removal should be allowed or denied.

Section 28, as amended, and § 29 of the Judicial Code, 36 U. S. Sts. at Large, 1094, 1095; 38 U. S. Sts. at Large, 278, are as follows:

"Section 28. Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being non-residents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district. And where a suit is now pending, or may hereafter be brought, in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the district court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said district court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause: Provided, That if it further appear that said suit can be fully and justly determined as to the other defendants in the State court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said district court may direct the suit to be remanded, so far as relates to such other defendants, to the State court, to be proceeded with therein. At any time before the trial of any suit which is now pending in any district court, or may hereafter be entered therein, and which has been removed to said court from a State court on the affidavit of any party

plaintiff that he had reason to believe and did believe that, from prejudice or local influence, he was unable to obtain justice in said State court, the district court shall, on application of the other party, examine into the truth of said affidavit and the grounds thereof, and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in said State court, it shall cause the same to be remanded thereto. Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed: Provided, That no case arising under an Act entitled 'An Act relating to the liability of common carriers by railroad to their employees in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any State court of competent jurisdiction shall be removed to any court of the United States. And provided further, That no suit brought in any State court of competent jurisdiction against a railroad company, or other-corporation, or person, engaged in and carrying on the business of a common carrier, to recover damages for delay, loss of, or injury to property received for transportation by such common carrier under section twenty of the Act to regulate commerce, approved February fourth, eighteen hundred and eighty-seven, as amended June twenty-ninth, nineteen hundred and six, April thirteenth, nineteen hundred and eight, February twenty-fifth, nineteen hundred and nine, and June eighteenth, nineteen hundred and ten, shall be removed to any court of the United States where the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000.

"Section 29. Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court

in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court."

*J. J. Ronan,* (*F. N. Chandler* with him,) for the plaintiffs.

*W. H. Best,* for the defendant.

RUGG, C.J. The right of the defendant to remove this action to the District Court of the United States is presented by this report. No point is raised as to the form of the petition for removal, sufficiency of the bond, removability of the cause, or diversity of citizenship of the parties. The single question is whether petition for removal was filed within the time prescribed by the federal statutes.

On a petition for removal, all controverted questions of fact must be tried in the federal court on a motion to remand. Whether a cause for removal is made out as matter of law on the face of the record is a question which the State court must consider and adjudicate subject to review by the Supreme Court of the United States. *Stone* v. *Sargent,* 129 Mass. 503, 508. *Duff* v. *Hildreth,* 183 Mass. 440, 442. *Long* v. *Quinn Brothers, Inc.* 215 Mass. 85, 87. *Munnss* v. *American Agricultural Chemical Co.* 216 Mass. 423, 425. *Dunbar* v. *Rosenbloom,* 230 Mass. 176. *Powers* v. *Chesapeake & Ohio Railway,* 169 U. S. 92, 101. *Chesapeake & Ohio Railway* v. *Cockrell,* 232 U. S. 146, 152, 154. *Commissioners*

*of Road Improvement* v. *St. Louis Southwestern Railway*, 257 U. S.
547, 557, 558.

There is no disputed question of fact on this record. The
issue to be decided is purely one of law. It is within the juris-
diction and therefore it is the duty of the State court to decide
that question of law.

The material facts are that this is an action of contract by
plaintiffs resident within this Commonwealth begun by writ with
damages laid at $150,000, dated July 22, 1921, and returnable into
our Superior Court on the first Monday of September, 1921. The
writ commanded the attachment of goods or estate *"that were of
Edward F. Searles, deceased, late of Methuen in the County of
Essex and Commonwealth aforesaid and which are now in the
possession"* of Arthur T. Walker of the City, County and State of
New York, *"as he is executor under the will of the said Edward F.
Searles,"* and that the said defendant be summoned to appear.
The terms of the summons and of the return of the officer, while
not exactly following the writ, need not be recited. Service was
made upon a resident agent of the defendant appointed as required
by G. L. c. 195, § 8. The writ was seasonably entered in court.
The plaintiffs' declaration alleged that they were attorneys at law
in partnership, and that the defendant was the duly appointed
executor of the will of Searles, who left a large estate. The decla-
ration was in two counts, the first alleging that the plaintiffs were
retained by the defendant after the death of the testator to perform
services in connection with a contest of his will, and the second
alleging that they were retained by the defendant to secure an
abatement of taxes assessed against the estate of the testator;
that in their employment in respect to both matters they had
rendered valuable services, wherefore the defendant owed them.
The defendant as executor filed a general denial on September 20,
1921, which was within the time allowed by law. The effect of
filing the answer was a general appearance by the defendant. The
parties thus were at issue. In February, 1922, before the case
came on for trial, the plaintiffs filed a motion to strike out from
their writ the words heretofore quoted and italicized. That amend-
ment was allowed. The effect of the allowance of the amendment
was to substitute Walker as an individual in place of Walker as
executor of the will of Searles as the defendant.

The allowance of the amendment, assuming that it brought in an entirely new party defendant in place of the one first named, was within the power of the court provided it was found by the court, as it must have been in order to allow the amendment, G. L. c. 231, § 138, *Regan* v. *Keyes,* 204 Mass. 294, 305, that its purpose was to enable the plaintiffs to sustain the action for the cause for which it was intended to be brought. G. L. c. 231, § 51. Under our liberal practice as to amendments that is too well settled now to admit of discussion. *Hutchinson* v. *Tucker,* 124 Mass. 240. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150. *Genga* v. *Director General of Railroads,* 243 Mass. 101, and cases there collected.

The removal of an action to the federal courts is controlled by the Constitution and laws of the United States. Art. 3, § 2, of U. S. Constitution. The Judicial Code, §§ 28, 29, Act of Congress of March 3, 1911, c. 231. 36 U. S. Sts. at Large, 1094, 1095. No contention is made that the present action is not of a nature removable to the United States District Court under § 28 of the Judicial Code on the ground of diversity of citizenship. The defendant is a non-resident of this Commonwealth and the controversy raised is wholly between citizens of different States and of the requisite jurisdictional amount. The defendant being a non-resident of this Commonwealth, and the plaintiffs and the defendant being citizens of different States, the defendant, if he seasonably availed himself of his rights, might have removed the action to the federal court. The contention is that the application for removal was not made "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration . . . ," as required by § 29 of the Judicial Code.

Manifestly the defendant did not act betimes to secure the removal of the action against him as executor. He does not so contend.

The defendant contends that by the amendment to the writ he was brought into court for the first time individually as a party defendant and as the sole party defendant, and that therefore he was then for the first time entitled as an individual to remove the action. If he was then entitled to a removal, his petition for re-

moval indubitably was filed within the time required by § 29 of the Judicial Code. This presents the single question of law to be decided.

The writ is the foundation of the action. That is the process by which the defendant is brought into court. It and it alone describes the defendant. Resort must be had to the writ to ascertain the parties. Confessedly the original writ was in form proper in an action against the estate of the testator. R. L. c. 172, § 5, now G. L. c. 230, § 6. *Yarrington* v. *Robinson*, 141 Mass. 450. *Jenkins* v. *Wood*, 140 Mass. 66. It was not in proper form to bring to court Walker as an individual.

The declaration was not amended at any time, but stands now as originally filed. It alleged only individual liability of Walker, for the reason that the alleged promise of the defendant to pay the plaintiffs for their services as therein set forth bound him personally alone and not the estate of the testator. *Sumner* v. *Williams*, 8 Mass. 162. *Kingman* v. *Soule*, 132 Mass. 285. *Tuttle* v. *First National Bank of Greenfield*, 187 Mass. 533. *Rosenthal* v. *Schwartz*, 214 Mass. 371. As the record stood up to the time the amendment to the writ was allowed, the writ and not the declaration controlled the record and determined who were the parties to the action. *Bean* v. *Green*, 4 Cush. 279. By the amendment the writ was made to conform to the declaration. The dominant document of the record thus was changed. After the amendment to the writ was allowed, the writ was in proper form to bring in the defendant Walker as an individual alone, divested completely of all capacity as executor. *Manning* v. *Osgood*, 151 Mass. 148.

The plaintiffs concede that the defendant as executor, when summoned into court by the writ on the first Monday of September, 1921, might seasonably have exercised his right of removal to the federal court. *Chappedelaine* v. *Dechenaux*, 4 Cranch, 306, 308. *Childress* v. *Emory*, 8 Wheat. 642, 669. *Rice* v. *Houston*, 13 Wall. 66. *Amory* v. *Amory*, 95 U. S. 186.

The amendment to the writ allowed in February, 1922, made Walker the individual in place of Walker the executor a party defendant. When the amendment to the writ was allowed, making Walker the defendant in his own proper person instead of the defendant in his fiduciary office of executor of the Searles will, he became defendant in a different capacity with altered rights and

liabilities to those theretofore existing. The two named defendants were not in truth the same person. Although bearing the same name, he was in fact a different person in law when sued in one capacity from the person sued in the other capacity. There are numerous instances where the distinction between the same person suing or being sued in different capacities is recognized and applied. Limitations, burdens, restrictions and rights attaching to him in one capacity fall away from him when in court in the other capacity. For example, merger by judgment, *Frost* v. *Thompson,* 219 Mass. 360, 368, and *res judicata, Troxell* v. *Delaware, Lackawanna & Western Railroad,* 227 U. S. 434, 443, are doctrines held not to be applicable to the same person suing or sued in different capacities. Probably it would not be contended that a corporation sole, suing or being sued in his corporate capacity, was the same person in law as the individual suing or being sued in his private capacity. This subject was examined at length with a review of numerous authorities in *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566. It there was held that a judgment against the plaintiff, suing in his capacity as administrator for personal injuries received by his intestate, was no bar to a second suit against the same defendant by the same person suing as plaintiff as administrator of the same intestate to recover compensation for death flowing from the same injury as did the cause of action in the earlier action. The principle there established and the authorities there reviewed are decisive of the point here raised. It is not necessary to go over the ground again. That principle is that a party to a cause of action in his capacity as executor or administrator is a different person in law from the same individual when party to a cause of action in his private capacity. His identity is not the same. The different capacities create a diversity of personality with separate legal qualities. *Wall* v. *Massachusetts Northeastern Street Railway,* 229 Mass. 506. *Eldridge* v. *Barton,* 232 Mass. 183, 186. *Noyes* v. *Noyes,* 233 Mass. 55, 62. *Leach* v. *Leach,* 238 Mass. 100, 103.

The statement in *Houston & Texas Central Railway* v. *Shirley,* 111 U. S. 358, at page 361, that it was decided "in *Cable* v. *Ellis,* 110 U. S. 389, that a substituted party comes into a suit subject to all the disabilities of him whose place he takes, so far as the right of removal is concerned," was made with reference to privies and

it seems to us was not intended to apply to one in truth a stranger both in form and substance to the original action brought into it as a substituted party under an exceedingly liberal statute as to amendments. The cases of *Wichita National Bank* v. *Smith,* 19 C. C. A. 42; 72 Fed. Rep. 568, and *Speckert* v. *German National Bank,* 38 C. C. A. 682; 98 Fed. Rep. 151, *Grand Trunk Railway* v. *Twitchell,* 59 Fed. Rep. 727; 8 C. C. A. 237, and similar cases appear to us to stand on the same footing as the Shirley case.

Walker in his individual capacity is not brought into this action as defendant in the same right or for the same interest as that for which as executor of the Searles will he was made party defendant. He does not come in as an individual by succession or by substitution to official relations. As an individual he is not a privy in estate, in blood, in representation or in law with himself as executor. He does not individually occupy mutual or successive relationship to the same rights of property with the executor of the Searles will. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 217, 218. The bringing of Walker as an individual defendant into the action by way of substitution was not ancillary nor incidental to the prosecution of the original cause of action. It was in essence an independent proceeding although permitted by our practice. It was an essential element. Without it the plaintiffs were doomed to defeat on their cause of action as alleged. He did not come voluntarily into pending litigation. After the allowance of the amendment he did not appear generally but filed special pleadings sufficient to show that the proceeding was *in invitum* as to him individually.

The plaintiffs have cited a large number of cases which need not be here analyzed, because most of them relate to the allowance of amendments in jurisdictions where doubtless the practice in that particular is less liberal and elastic than in this Commonwealth and the language was used with reference to that point. The results reached in most of them appear to be in harmony with *Hutchinson* v. *Tucker,* 124 Mass. 240. Words, expressions and reasoning used in judicial opinions with reference to the single question actually before the court cannot be wrested from their context and applied authoritatively to the determination of other questions. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, and cases collected at page 545.

The result appears to us inevitable that Walker, by failing to file the petition for removal within the time allowed after he was summoned into court as executor of the Searles will, was not prevented from filing such removal petition in his own behalf within the time allowed after he was made a personal defendant. The statutory limitation as to time for removal did not begin to run against him as the sole individual defendant until he had been made sole individual defendant as distinguished from the executor of the Searles will. This conclusion is supported by *Relfe* v. *Rundle*, 103 U. S. 222, *Powers* v. *Chesapeake & Ohio Railway*, 169 U. S. 92, *Northern Pacific Railroad* v. *Austin*, 135 U. S. 315, *Jones* v. *Mosher*, 46 C. C. A. 471; 107 Fed. Rep. 561. See in this connection, *Green* v. *Valley*, 101 Fed. Rep. 882; *Chase* v. *Beech Creek Co.* 144 Fed. Rep. 571; *Evans* v. *Dillingham*, 43 Fed. Rep. 177; *Robert* v. *Pineland Club*, 139 Fed. Rep. 1001; *Bedell* v. *Baltimore & Ohio Railroad*, 245 Fed. Rep. 788.

*Order to be entered accepting petition and bond for removal.*