BECKY J. SANDMAN *vs.* MATTHEW McGRATH & another.[1]

No. 09-P-912.

Worcester. January 13, 2010. - February 24, 2011.

Present: RAPOZA, C.J., BERRY, & WOLOHOJIAN, JJ.

*Estoppel. Judicial Estoppel.*

In the circumstances of a civil action in which the plaintiff, who in a previous negligence action had been a defendant against whom judgment entered, brought claims for malpractice against the attorney who represented her in the previous action and for breach of contract and violations of G. L. c. 176D and G. L. c. 93A against her insurer, the judge did not abuse his discretion in allowing the defendants' motions to dismiss the plaintiff's claims regarding the adequacy of their preparation for and actions at the trial of the previous action, on the ground of judicial estoppel, given the judge's finding that the plaintiff in the previous action was the real party in interest to the litigation, and given that his position in the litigation was directly contrary to the position he successfully asserted in the previous action; however, judicial estoppel did not bar the claims of the plaintiff in the present action that arose from the defendants' alleged failure to explore and convey settlement opportunities during the previous action. [801-805]

CIVIL ACTION commenced in the Superior Court Department on March 6, 2008.

A motion to dismiss was heard by *John S. McCann*, J.

*Barry A. Bachrach* for the plaintiff.

*John A. Kiernan* (*Robert E. Koosa* with him) for Matthew McGrath.

*Peter G. Hermes* (*Lynda Riesgo Jensen* with him) for Massachusetts Homeland Insurance Company.

RAPOZA, C.J. In 1998, Becky Sandman was driving in Worcester when her car collided with a motorcycle operated by Stephen Hanlon, who was severely injured in the accident. Hanlon filed suit against Sandman, who was intoxicated at the time of the

[1]Massachusetts Homeland Insurance Company, doing business as One Beacon Insurance Company.

accident, for negligence. At trial, Sandman was represented by attorney Matthew McGrath, who was hired by Sandman's insurer, Massachusetts Homeland Insurance Company, doing business as One Beacon Insurance Company (Homeland). After a jury trial in 2005, Hanlon ultimately received a judgment of approximately $17 million dollars against Sandman. Our court affirmed that judgment in an unpublished decision issued pursuant to our rule 1:28. *Hanlon* v. *Sandman*, 70 Mass. App. Ct. 1110 (2007).

The present action involves three claims against McGrath and Homeland: a legal malpractice claim against McGrath; a breach of contract claim against Homeland based on its alleged failure to defend an insured; and a claim that Homeland violated G. L. c. 176D and G. L. c. 93A by its unfair and deceptive acts and practices. The action was originally brought in March, 2008, by Hanlon as the assignee of Sandman's rights against the defendants. On April 7, 2008, Homeland answered and moved to dismiss the complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), on the basis of judicial estoppel, inter alia. On April 23, 2008, Hanlon moved to amend the complaint to substitute Sandman as the plaintiff. That motion was allowed and an amended complaint was filed in June, 2008, with Sandman as the sole plaintiff.

McGrath and Homeland filed motions to dismiss the amended complaint. A Superior Court judge allowed both motions "on the basis of the discretionary doctrine of judicial estoppel" after finding that Hanlon was the real party in interest. Sandman now appeals.

*Discussion.* "Judicial estoppel is an equitable doctrine that precludes a party from asserting a position in one legal proceeding that is contrary to a position it had previously asserted in another proceeding." *Otis* v. *Arbella Mut. Ins. Co.*, 443 Mass. 634, 639-640 (2005) (*Otis*), quoting from *Blanchette* v. *School Comm. of Westwood*, 427 Mass. 176, 184 (1998). "The purpose of the doctrine is to prevent the manipulation of the judicial process by litigants." *Id.* at 640, quoting from *Canavan's Case*, 432 Mass. 304, 308 (2000). The application of judicial estoppel requires both that "the position being asserted . . . [is] directly contrary to the position previously asserted," and that "the party must have succeeded in convincing the court to accept its

prior position."[2] *Id.* at 640-641. We review the application of judicial estoppel for abuse of discretion. *Id.* at 640.

Judicial estoppel "is an equitable doctrine, calling for the exercise of discretion in its application to particular facts." *Otis, supra* at 642. The *Otis* case is instructive in that many of its facts are similar to those presented here. Otis obtained a judgment against Cusick for injuries suffered when Cusick struck Otis with his automobile. *Id.* at 635, 638. Otis later released Cusick from all liability on the judgment in exchange for an assignment of Cusick's rights against his trial attorneys and insurance company. *Id.* at 638. The court held in *Otis* that Otis's claims against Cusick's attorneys and the insurance company were barred by judicial estoppel, stating:

> "Otis's position in the present suit is that he should not have recovered anything in the first suit. This is the classic posture in which courts invoke judicial estoppel: allowing the present case to proceed would 'create[] the appearance that either the first court has been misled or the second court will be misled, thus raising the specter of inconsistent determinations and endangering the integrity of the judicial process.' "

*Id.* at 643, quoting from *Alternative Sys. Concepts, Inc.* v. *Synopsys, Inc.*, 374 F.3d 23, 33 (1st Cir. 2004).

One of the primary factual differences between *Otis* and the present case is that in *Otis*, the plaintiff in the original action was the named plaintiff in the malpractice suit. 443 Mass. at 639. Here, Sandman, the defendant in the original action, was the named plaintiff in the amended complaint filed in the subsequent suit at the time the judge allowed the defendants' motions to dismiss. The motion judge found, however, that Hanlon was the real party in interest.[3] We discern no error in the judge's

---

[2]"Some courts have also recognized a third factor, namely, 'whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.' " *Otis, supra* at 641, quoting from *New Hampshire* v. *Maine*, 532 U.S. 742, 751 (2001). "However, as a practical matter, where the first two components have been satisfied, this third factor is virtually certain to be present . . . ." *Otis, supra.*

[3]The court in *Otis* expressly declined, on the facts before it, to reach the question whether judicial estoppel must be analyzed with regard to the real party in interest. 443 Mass. at 647-648.

finding on this point. The action was originally brought by Hanlon as the assignee of Sandman's rights. Sandman was substituted as plaintiff only after Homeland moved to dismiss the complaint on the basis of judicial estoppel. Even after the complaint was amended to name Sandman as plaintiff, the same attorneys represented Sandman as had previously represented Hanlon.[4] Finally, as the motion judge noted, Sandman still has not paid the judgment owed to Hanlon and it does not appear likely that she will be able to do so unless she can recover against the defendants.

"[J]udicial estoppel is not to be defined with reference to 'inflexible prerequisites or an exhaustive formula for determining [its] applicability.' " *Otis, supra* at 640, quoting from *New Hampshire* v. *Maine*, 532 U.S. 742, 751 (2001). Thus, the application of judicial estoppel must be decided on a case-by-case basis, considering the particular facts before the judge. While a determination as to who is the real party in interest may not be necessary to resolve on the facts of every case, see, e.g., *Otis, supra* at 648 (court was "concerned solely with the litigation presently before [it]," which did not present a question as to who was the real party in interest), we conclude that the motion judge properly undertook such an analysis here. Moreover, as noted above, the facts of the instant case support the judge's finding that Hanlon is the real party in interest to this litigation.

We now consider whether the motion judge abused his discretion by invoking the doctrine of judicial estoppel in the circumstances of this case.

The claims against the defendants can generally be divided into two categories: first, that the defendants failed to adequately prepare for and defend at trial and, second, that the defendants failed to explore settlement opportunities and convey them to Sandman. Judicial estoppel does not bar Sandman from asserting either category of claims against the defendants. *Meyer* v. *Wagner*, 429 Mass. 410, 420 (1999) (judicial estoppel "cannot be logically applied in . . . circumstances where the plaintiff is attempting to show that her position in the [underlying] action was the result of the defendant's malpractice"); *Otis, supra* at 647 (applying the holding in *Meyer*, court stated that "judicial

---

[4] In fact, these same two attorneys also represented Hanlon in the underlying negligence action against Sandman.

estoppel would not bar Cusick [the defendant in the underlying case] from suing his attorney for malpractice in connection with his defense"). As previously discussed, *supra*, however, the question before us is whether Hanlon, not Sandman, is judicially estopped from asserting these claims.

Judicial estoppel bars Hanlon from bringing the first category of claims regarding the adequacy of the defendants' preparation for and actions at trial. In the underlying action, Hanlon successfully argued, and this court agreed, that the damages award was not excessive.[5] *Hanlon* v. *Sandman*, 70 Mass. App. Ct. 1110. Hanlon now contends that the defendants' failure to properly defend at trial "unduly exposed [Sandman] to an excess judgment." Hanlon's current position is directly contrary to the position he previously and successfully asserted. As such, judicial estoppel applies to bar this category of claims.

Judicial estoppel cannot be invoked, however, with respect to the second category of claims regarding settlement opportunities. Hanlon's current claim that he would have settled his underlying claims against Sandman is not inconsistent with his argument in the underlying case that Sandman was negligent and liable to him for his damages. Contrast *Otis, supra* at 643 (Otis successfully argued in underlying suit that he was not negligent; in successor suit, Otis argued "not only that he was negligent, but that his negligence was even greater than Cusick's [the defendant in the underlying suit], such that it should have operated to deny him any recovery . . . . The factual premise now advanced in support of that comparative negligence theory is directly contrary to the facts Otis put forward in the prior suit . . ."). Indeed, in both cases, Hanlon's contention is that Sandman was negligent and liable to him. That Hanlon likely would have settled for less than the amount he received at trial does not make his present argument contrary to his position in the first case.[6]

---

[5] The jury in the underlying action found that Sandman was ninety percent negligent and awarded Hanlon damages in the amount of $19,500,000. *Hanlon* v. *Sandman*, 70 Mass. App. Ct. 1110 (2007). After trial, Hanlon agreed to a $500,000 remittitur, and judgment entered for him in the amount of $16,965,000 plus interest and costs for his personal injuries. *Ibid.* That judgment was affirmed by this court. *Ibid.*

[6] Our conclusion in this regard does not necessarily mean that Hanlon will

In sum, judicial estoppel was properly invoked to bar Hanlon, the real party in interest, from asserting claims based on the defendants' actions preparing for and defending at trial. Judicial estoppel does not, however, prohibit those claims that allege malpractice as to McGrath and breach of the duty to defend and unfair and deceptive acts and practices as to Homeland arising from the defendants' alleged failure to explore and convey settlement opportunities. Accordingly, the judgment is affirmed in part and reversed in part.

*So ordered.*

---

prevail on the merits of his arguments regarding settlement opportunities. We state only that judicial estoppel does not bar him from bringing these claims and make no comment as to the likelihood of their success.