NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-501

KENNETH P. BRIER, personal representative,[1]

vs.

MICHAEL J. HENLEY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this breach of contract action, the plaintiff, Kenneth P. Brier, appeals from a judgment of the Superior Court dismissing the complaint against the defendant, Michael J. Henley, on the basis of judicial estoppel.  We affirm.

Background.  In November of 2012, siblings Mark, Michael, and June[2] entered into a stock purchase agreement (SPA) through which Michael acquired Mark's and June's interests in a co-owned landscaping and masonry company.  The SPA included the following

_____

[1] Of the estate of Mark J. Henley.

[2] Because many of the parties and witnesses share a surname, we use first names to avoid confusion.

provision:  "The Vineyard property and interest that [Michael] has in it is signed over to June and Mark equally and [Michael] releases any right, title and interest he has in said property, effective as of the Closing Date."  Michael took no further action to convey any interest in the Vineyard property to June and Mark.[3]

On September 9, 2015, Mark passed away.  He was survived by a minor daughter, Kelly Lynn Henley, and his ex-wife, Kathleen Henley.  Kathleen, individually and as Kelly's conservator, initiated an action in Probate and Family Court (probate action) against June, individually, as personal representative of Mark's estate, and as trustee of a trust.  Pertinent to this appeal, Kathleen alleged that June, as personal representative, committed a breach of her fiduciary duties to the estate by failing to assert the estate's rights in Michael's interest in the Vineyard property.[4]  Kathleen sought damages from that breach to be paid to her individually and as conservator by June individually.

---

[3] In fact, on the day the SPA was executed, the siblings' father was the sole owner of the Vineyard property.  It was subsequently sold to third parties in 2016.

[4] Kathleen also alleged that June, as trustee of a trust and individually as president and director of a corporation, committed a breach of her fiduciary duties.

June defended against the allegations on the basis that a lawsuit against Michael for an ownership interest in the Vineyard property had no likelihood of success on the merits, as Michael had no actual interest to convey. The probate action against June was dismissed in October of 2019 by a judge of the Probate Court, who found that Mark's estate had no claim to the Vineyard property under the SPA. During the pendency of the probate action, June resigned as personal representative of the estate and the plaintiff, Brier, replaced her. At no point during the remainder of the probate action did Brier assert the arguments on which he now relies to establish a claim against Michael.

On March 23, 2022, Brier sued Micheal in Superior Court for breach of the SPA, alleging damages from Michael's failure to transfer his interest in the Vineyard property as promised in the SPA. Shortly thereafter, Michael filed a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), alleging alternatively that dismissal was warranted under the doctrine of judicial estoppel, issue preclusion, or for failure to state a claim on which relief could be granted.[5] A judge of

---

[5] Michael renews these arguments on appeal, arguing additionally that claim preclusion bars Brier's suit. Because we affirm on the basis of judicial estoppel, we need not address those arguments.

the Superior Court allowed that motion on the basis of judicial estoppel.[6]

Discussion. "Application of the equitable principle of judicial estoppel to a particular case is a matter of discretion." Otis v. Arbella Mut. Ins. Co., 443 Mass. 634, 640 (2005), citing New Hampshire v. Maine, 532 U.S. 742, 750 (2001). See Sandman v. McGrath, 78 Mass. App. Ct. 800, 803 (2011) (reviewing judge's decision to invoke judicial estoppel in order granting motion to dismiss for abuse of discretion).[7] To prevail on a motion to dismiss on the basis of judicial estoppel, the moving party must show "(1) 'the position being asserted . . . [is] directly contrary to the position previously asserted,' and (2) 'the party . . . succeeded in convincing the court to accept its prior position.'" Psychemedics Corp. v. Boston, 486 Mass.

---

[6] Brier argues on appeal that he raised a cognizable breach of contract claim in this action against Michael even if Michael had no interest in the property to convey. We note, however, that Brier had the opportunity to raise the issue in the underlying probate action when he assumed the role of personal representative approximately six months before the resolution of that matter. He did not. In any event, because we determine that the claim is barred by judicial estoppel, we do not reach this theory.

[7] Brier argues that because the judge entered an order dismissing the claim on the basis that "the complaint fail[ed] to state a claim," we should review the judgment de novo, the standard under which we review a motion to dismiss for failure to state a claim. See Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019). However, the order in substance was a dismissal on the basis of judicial estoppel.

4

724, 747 (2021), quoting Otis, supra at 640-641.  The motion judge appropriately determined that both elements were present in this case.

First, the personal representative in the probate action, June, defended against that action by asserting that Michael had no interest to convey under the SPA.  The current personal representative, Brier, now asserts that Michael did have such an interest, or at least some obligation under the SPA, a position which is directly inconsistent with the position asserted by June in prior proceedings.  Second, June's defense was successful; a judge of the Probate Court dismissed Kathleen's claims after trial, finding that Mark's estate had no interest in the Vineyard property.

Brier argues that the motion judge erred in granting summary judgment on the basis of judicial estoppel because June and Brier are not the same party.  Namely, Brier asserts that Kathleen's claims for breach of fiduciary duty were against June individually and not as personal representative of the estate. The argument is unavailing.

It has long been true that a legal person may sue and be sued in different capacities.  See Eaton v. Walker, 244 Mass. 23, 31 (1923) ("same person suing or sued in different capacities" are "in fact a different person in law"); McCarthy v. William H. Wood Lumber Co., 219 Mass. 566, 570 (1914) ("A

5

verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity" [citation omitted]); Yarrington v. Robinson, 141 Mass. 450, 450 (1886); Lester v. Lester, 8 Gray 437, 437 (1857).  See also Restatement (Second) of Judgments § 36 (2) (1982) ("[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity").  Relying on an Alabama case, Best v. First Nat'l Bank of Birmingham, 494 So.2d 387, 390 (Ala. 1986), Brier proposes that where the capacity in which a party is sued is uncertain, the test to determine if a party is being sued as an individual or as a representative is to look to the source of recovery.  This proposition finds some support in our case law. In Eaton, 244 Mass. at 23, 30-31, the Supreme Judicial Court held that the removal of language from a writ seeking damages from the estate of the deceased "'in the possession' of [the executor] . . . 'as he is executor under the will of the [deceased]'" had the effect of substituting the defendant as an individual for the defendant in his capacity as an executor. This case, however, is distinguishable from the circumstances presented in either Best or Eaton.

As the motion judge noted, the plain language of the complaint names June "in her capacit[y] as [p]ersonal

6

[r]epresentative."  While the complaint also names June, individually, this simply establishes that Kathleen sought alternative forms of relief when she initiated the probate action.  Also, if June had committed a breach of her duties as personal representative and had to pay the resulting damages from her own pocket, she still would have been sued as personal representative.

"[A] final adjudication [is] binding on both the original parties and their successors in interest."  DeGiacomo v. Quincy, 476 Mass. 38, 43 (2016).  Brier, as personal representative, is therefore bound by the original Probate Court judgment determining that June, as personal representative, did not commit a breach of her fiduciary duties to Mark's estate by failing to pursue a breach of the SPA.  Further, Brier assumed the role of personal representative during the pendency of Kathleen's suit against June.  He had the opportunity to raise

these issues below and did not do so.

Judgment affirmed.

By the Court (Henry,
  D'Angelo & Hodgens, JJ.[8]),

Clerk

Entered:  October 8, 2024.

---

[8] The panelists are listed in order of seniority.

8