## SMITH v. WESTERN UNION TEL. CO.

(Circuit Court, D. Indiana. March 15, 1897.)

### No. 9,286.

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—CORRECTION OF MISTAKE IN RECORD.

> On a motion to remand. the removing party cannot sustain the jurisdiction of the federal court by contradicting the record sent up from the state court by ex parte affidavits as to the amount in controversy. If the record does not speak the truth, its correction should be sought elsewhere.

On Motion to Remand.

Pickens & Cox, for plaintiff.

Chambers, Pickens & Moore, for defendant.

BAKER, District Judge. The transcript of the record filed in this court shows that the complaint was filed in the office of the clerk of the Lawrence county circuit court on November 15, 1894. The complaint alleges that the plaintiff was damaged by the wrongs complained of in the sum of $1,500, for which judgment is demanded. The transcript next sets out the summons, which is made returnable November 28, 1894, which summons is shown to have been served more than 10 days before the return day. The transcript then recites that on December 3, 1894, the parties came into court, and the defendant filed a petition and bond for the removal of the cause into the circuit court of the United States for the district of Indiana. There were other proceedings in the cause in the state court, which are immaterial.

The defendant has filed a motion to remand, and, in support and in opposition thereto, a number of affidavits have been filed by the parties respectively. These affidavits show that, as originally drafted and filed, the damages claimed in the complaint were $15,000. Whether the complaint was amended as it now appears in the transcript before the petition and bond were filed in the office of the clerk of the state court is a controverted question; but there is no material dispute that the amendment was made before the attention of the court was called to the filing of such affidavit and bond.

Can the removing party sustain the jurisdiction of this court by contradicting the record sent up from the state court by ex parte affidavits? I think it inadmissible, for the purpose of conferring

or supporting jurisdiction here, to contradict, by affidavits, the record of the state court transmitted here, authenticated by the signature of the clerk and the seal of the court. If the record does not speak the truth, its correction should be sought elsewhere. It would be inconvenient and unseemly to try the truth of a record brought here from a state court upon the affidavits, and especially the conflicting affidavits, of the parties. The cause will be remanded to the Lawrence county circuit court, at the costs of the defendant.