### BABER v. SOUTHERN RY.

I. REMOVAL OF CAUSES.—In action against two defendants on joint tort, petition for removal to Federal Court, alleging that both defendants are non-residents, should be made on behalf of both.

2. IBID.—Allegation in petition by one defendant for removal into Federal Court of action on joint tort that other defendant is sham and joined for purpose of preventing removal is not sufficient to obtain removal.

Before PRINCE, J., Cherokee, July, 1906. Affirmed.

Action by Charles W. Baber, administrator of John Ambrose Kane, against Southern Railway and John Logan, on following complaint:

"Plaintiff, complaining against the defendant, respectfully shows to the Court:

"1. That at the times hereinafter mentioned, the defendant Southern Railway was and now is a corporation created under the laws of the State of Virginia and maintained and maintains and operates a line of rail through the State of South Carolina and through the towns of Blacksburg and Gaffney, in said county and State, over which it operated and run its freight and passenger trains as a common carrier.

"2. That the defendant John Logan is and was a resident of this State and resides in the town of Blacksburg, said county and State.

"3. That the plaintiff is a resident of said county and State, and that on May 12, 1906, he was by the probate court of said county duly appointed administrator of the estate of the said John Ambrose Kane, deceased, who died intestate, and that he duly qualified and is acting as such.

"4. That at the time of his death and for some time prior thereto, the said John Ambrose Kane was in the employ of the defendant Southern Railway Company, as a brakeman on its freight train which was wrecked at Broad River trestle, in said county and State, on or about March 31, 1906, in which he received injuries which resulted in his death at said time and place.

"5. That on or about March 31, 1906, a number of freight cars which were standing upon the side track of the defendant railway company in its yards at Blacksburg, said county and State, and which cars were attached to other cars, were, through the joint and concurrent carelessness, negligence, wilfulness, wantonness and recklessness of the defendants, caused and allowed to break loose from the other cars aforesaid, to which they were attached, and caused and allowed to run down and along said side-track, over a 'monkey-switch' connecting said track to the defendant company's main line, and out upon and along said main line, down to Broad River trestle, on said main line and a part thereof, a distance of about five miles, where they came into collision with a freight train of defendant company, which was running on said line in the direction of Blacksburg, upon which plaintiff's intestate was so employed as brakeman and in the discharge of his duties as such, and threw said train and engine, with plaintiff's intestate, with great violence, from said track, and caused the said John Ambrose Kane to be grievously and horribly crushed, scalded and mangled and buried him beneath the debris thereof, from which injuries he then and there died.

"6. That at said times, the defendant Logan was employed by his co-defendant at its yards at Blacksburg, as one of defendant's yard force, in the capacity of brakeman and

switchman and flagman, and as such employee, it was his and his co-defendant's duty to see that said cars were supplied with sufficient and safe knuckles, lips and couples, to prevent them from breaking loose from the other cars and running off, and to see that said cars were safely and securely coupled together; to see that said cars were furnished with suitable, sufficient and safe brakes, and to see that said brakes were securely and tightly set, so as to prevent said cars from getting loose and running down said track; to put blocks or scotches under or against said car wheels to prevent the same from running down said line; to prevent said cars, in such condition and so placed, from being jammed or pushed by other trains and caused to run down said track; to so set said 'monkey-switch' as to cause said cars which had gotten loose, as aforesaid, to be derailed before going out upon the main line; and after said cars had gotten loose and had gone down said grade, to notify defendant's employees at Gaffney so as to put plaintiff's intestate and his co-employees upon their guard, and thus prevent the said collision, all of which the defendants failed to do, through their negligence and recklessness, as aforesaid.

"7. That said John Ambrose Kane's injuries and death were due to and caused directly by the joint and concurrent negligence, gross carelessness, wilfulness, wantonness and recklessness of the defendants, in the following particulars, to wit:

"(1) In not furnishing said cars with sufficient, suitable and safe couplers, knuckles and lips, and in not having said cars sufficiently and safely and securely coupled together, so as to prevent them from breaking loose and being detached from the other cars to which they were attached, and thus preventing them from running down said track with the result aforesaid.

"(2) In not furnishing said cars with suitable, sufficient and safe brakes and scotches, and in not having the wheels thereof securely and tightly fastened so as to prevent their running down said track with said result.

"(3) In causing said cars, so placed so insecurely and defectively coupled and scotched, to be jammed and shoved by another train and these pushed loose from said other cars and down said track with the result aforesaid.

"(4) In not having said 'monkey-switch' set, as should have been done, so as to cause said cars to be derailed before going out upon said main line, thus preventing such collision and injuries.

"(5) In not warning defendant's employees in Gaffney in time to put plaintiff's intestate upon his guard, which they could have done, and thus prevented the collision and injuries.

"(6) In causing said main line to be blocked with said loose cars at the time and place mentioned, without attendants, signals or warning to prevent the wreck and injuries aforesaid.

"8. That the said John Ambrose Kane left no wife, child or children, or other lineal descendants, or father surviving him, but left, as his only beneficiary designated by the statute as entitled to the benefits thereof, his mother, Mary V. Kane, for whose benefit and in whose behalf this action is brought.

"9. That by reason of the said carelessness, negligence, wilfulness, wantonness and recklessness of the defendants, in so causing the injury and death of the said son, on whom she was dependent for support and comfort, the said Mary V. Kane has ben damaged and caused to suffer on account thereof in the sum of fifty thousand dollars.

"Wherefore, plaintiff demands judgments against the defendants for the sum of fifty thousand dollars and for the costs of the action."

From order refusing petition for removal to Federal Court by Southern Railway, it appeals.

*Messrs. Sanders & DePass,* for appellant, cite: 116 Fed. R., 896; 98 Fed. R., 1; 131 U. S., 240; 117 U. S., 430; 122 U. S., 513; 119 Fed. R., 211; 120 Fed. R., 87; 128 Fed. R., 97; 118 Fed. R., 342; 130 Fed. R., 395.

*Messrs. Butler & Osborne,* contra, cite: 117 U. S., 430; 131 U. S., 240; 122 U. S., 513; 14 C. C. A., 265; 6 C. C. A., 1; 53 C. C. A., 639; 130 U. S., 230; 18 Ency. P. & P., 150; 108 U. S., 562; 111 U. S., 358, 379; 117 U. S., 197; 95 U. S., 183; 144 U. S., 568; 132 U. S., 267; 35 C. C. A., 155; 178 U. S., 245; 67 C. C. A., 52; 140 U. S., 406; 151 U. S., 368; 73 S. C., 173; 69 S. C., 2; 65 S. C., 332, 341; 68 S. C., 55; 194 U. S., 136; 45 U. S., L. ed., 121; 115 U. S., 41; 114 U. S., 52, 57; 118 U. S., 596; 144 U. S., 528; 132 U. S., 599; 118 U. S., 264; 119 U. S., 482, 240; 45 S. C., 433; 58 C. C. A., 651; 178 U. S., 245; 68 S. C., 444; 55 L. R. A., 603.

January 14, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order refusing the petition of the defendant Southern Railway Company to remove the case to the Federal Court.

The grounds upon which the petitioner asked that the case be removed are as follows:

"That the controversy herein is betwen citizens of different States, to wit: between the plaintiff, who is and was at the time of the commencement of this action a resident and citizen of the State of South Carolina, and this defendant, who is and was at the time of the commencement of this action a resident and citizen of the State of Virginia, being a corporation duly chartered, organized and doing business under and by virtue of the laws of the said State of Virginia, and the defendant John Logan, who is not a citizen of the State of South Carolina, but, as your petitioner is informed and believes, is a citizen of either the State of North Carolina or of Georgia, your petitioner not being certain which.

"That, as your petitioner is informed and believes, the controversy set out in the complaint is a separable one, being wholly between the plaintiff and your petitioner, and that the defendant John Logan has been joined as a co-defendant for the purpose of preventing the removal of this cause

from the State to the Federal Court, and not for the purpose of obtaining judgment against the said John Logan, or of attempting to enforce or collect same if one should be obtained, and your petitioner on information and belief avers that the said John Logan is a sham and pretensive defendant and is not a real defendant in this action."

The complaint (which will be reported) alleges a joint tort. *Carson* v. *Railway*, 68 S. C., 55, 46 S. E., 525.

1    It was a fatal defect, therefore, when only one of the alleged non-resident defendants filed a petition for removal. *Chicago Ry. Co.* v. *Martin*, 178 U. S., 245. This disposes of the first of said grounds.

The second ground has so recently been before this Court for adjudication, that we only deem it necessary to

2    cite the case of *Able* v. *Ry.*, 73 S. C., 173, to show that it was properly overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.