6770

GIBBES MACHINERY CO. v. SANTEE CYPRESS LUMBER CO.

REMOVAL OF CAUSES.—All issues of fact raised by the petition for removal must be tried in the Circuit Court, but the State Court may determine for itself whether, on the face of the record, a removal has been effected. *Held* here the amount in controversy does not exceed $2,000, exclusive of interest and costs, and cause is not removable.

Before PRINCE, J., Richland, May, 1907.    Affirmed.

Motion to accept removal bond and petition in Gibbes Machinery Co. v. Santee River Cypress Lumber Co. From order refusing to recognize removal, defendant appeals.

*Messrs. Smythe, Lee & Frost,* for appellant, cite: *State Court can not inquire into questions of fact raised in petition:* 150 F. R.,807; 138 U. S., 298; 50 F. R., 851; 88 F. R., 803; 138 U. S., 298. *Petition stating case for removal, case is ipso facto removed:* 16 Pet., 97; 19 Wall., 214; 103 U. S., 485; 104 U. S., 5; 18 Stat. U. S., 470; 150 Fed., 801; 50 Fed., 851; 42 Am. Dig., Secs. 175-193; 45 F. R., 657.

*Messrs. D. W. Robinson* and *Thomas & Thomas,* contra, cite: *After filing petition State Court can only pass on issue of law:* 151 Fed., 805; 77 S. C., 103; 4 Fed. Stat. Ann., 364; 151 Fed., 804.   *On face of record, case is not removable:* 200 U. S., 215; 132 U. S., 599; 78 C. C. A., 360; 77 C. C. A., 258; 103 U. S., 412; 151 U. S., 66; 75 C. C. A., 629.   *Right of State Court to pass on record:* 69 Fed., 850; 117 U. S., 430; 122 U. S., 513; 77 S. C., 103; 131 U. S., 240; 138 U. S., 298.   *Sum demanded in complaint governs unless there is something clearly showing contrary:* 108 U. S., 165; 18 Ency. P. & P., 270; 4 Fed. Stat. Ann., 273-4; 55 Fed., 439; 204 U. S., 642; 68 U. S., 337; 93 U. S., 241; 62 Fed., 500; 170 U. S., 472; 132 U. S., 571; 18 Ency. P. & P., 229; 3 Dal., 405; Hughes' Fed. Proc., 202; 161 U. S., 98; 44 Fed., 647; Moon on Rem., Sec. 88, 170; 79 Fed., 132. *Counter-claim can not confer jurisdiction:* Moon on Rem., Sec. 98; 45 Fed., 705; 105 Fed., 658; 44 Fed., 647; 6 Fed., 654; 120 U. S., 630.   *On motion to remand, Federal Court would not inquire into the truth of allegations in findings:* Foster's Fed. Pr., 963, 964; 200 U. S., 215; 79 C. C. A., 265; 149 Fed., 321; 18 Ency., P. & P., 378; 105 Fed., 658; Moon on Rem., 173.

February 26, 1908.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from an order of his Honor, Judge.Prince, which is as follows:

"The defendant in the above entitled case has filed his petition and bond, for the removal of this case to the Circuit Court of the United States, for the District of South Carolina, and makes application for an order accepting the said petition and bond, and directing the cause to be removed.

"It appears upon the record in the State Court that the amount in controversy is less that two thousand ($2,000.00) dollars.   The plaintiff seeks to recover a money judgment against the defendant, and the right of removal is determined by the amount in controversy as appears by the record in the

State Court, unless an issue of fact is raised in the petition. The petition refers to the matter in dispute as 'being more than two thousand ($2,000.00) dollars, exclusive of interest and costs,' but there are no facts stated controverting the facts as to the amount in controversy as set forth in the complaint in the State Court. Therefore, there being no issue of fact raised, the State Court is at liberty to inquire whether on the face of the record a case has been made which requires it to proceed no further. *Carson* v. *Hyatt,* 118 U. S., 279; *Smith* v. *W. U. T. Co.,* 79 Fed., 132; *Vance* v. *Vandercock,* 170 U. S., 473; 42 L. Ed., 1113.

"It appearing, therefore, upon the record as presented, that the amount in controversy is less than two thousand ($2,000.00) dollars, I hold that it is not 'the duty of the State Court to accept said petition and bond and proceed no further in such suit.' It is, therefore, ordered and adjudged accordingly, and the petition for order of removal is refused."

The appellant's exceptions are as follows:

First. "Because it is respectfully submitted that his Honor erred in inquiring into the question of fact as to the jurisdictional amount of more than two thousand ($2,000.00) dollars, exclusive of interest and costs, inasmuch as the United States Circuit Court alone can inquire into this.

Second. "Because it is respectfully submitted that his Honor erred in holding that the amount in controvery was less than two thousand ($2,000.00) dollars.

Third. "Because his Honor erred in not holding that the amount in controversy was more than two thousand ($2,000.00) dollars, exclusive of interest and costs.

Fourth. "Because it is respectfully submitted that his Honor should have held that it was the duty of the State Court to accept the petition and bond and proceed no further in such suit, and that he erred in not holding this."

The first and fouth exceptions will be considered together. These exceptions are disposed of by the case of *Stone* v. *South Carolina,* 117 U. S., 430, 432, in which the Court uses

this language: "A State Court is not bound to surrender its jurisdiction of a suit on a petition for removal, until a case has been made which on its face shows that the petitioner has a right to the transfer. *Yulee* v. *Vose,* 99 U. S., 545; Removal Cases, 100 U. S., 474. It is undoubtedly true, as was said in *Steamship Co.* v. *Tugman,* 106 U. S., 122, that upon the filing of the petition and bond, the suit being removable under the statute, the jurisdiction of the State Court absolutely ceases, and that of the Circuit Court of the United States immediately attaches, but still, as the right of removal is statutory, before a party can avail himself of it, he must show upon the record that his is a case which comes within the provision of the statute. As was said in *Ins. Co.* v. *Pechner,* 95 U. S., 185, 'his petition for removal when filed becomes a part of the record in the cause.' It should state facts which, when taken in connection with such as already appear, entitle him to the transfer. If it fails in this he has not, in law, shown to the Court that it can not 'proceed further with the suit.' Having once acquired jurisdiction, the Court may proceed until it has been judicially informed that its power over the cause has been suspended. The mere filing of a petition for the removal of a suit which is not removable, does not work a transfer. To accomplish this the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal.   *   *   *

"All issues of facts made upon the petition for removal must be tried in the Circuit Court, but the State Court is at liberty to determine for itself whether, on the face of the record, a removal has been effected. If it decides against the removal and proceeds with the cause notwithstanding the petition, its ruling on that question will be reviewable here, after final judgment, under Section 709 of the Revised Statutes."

We proceed next to consider the second and third exceptions.

The petition merely alleges in general terms that the petitioner is the defendant in the cause herein, which it alleges is a suit of a civil nature involving a controversy between citizens of different States, and the matter and the amount in dispute is more than two thousand dollars, exclusive of interest and costs.

The complaint alleges that the plaintiff sold to the defendant a gasoline marine engine at the price of $2,900.00 and some other items amounting to $134.11, aggregating $1,034.11, that upon this indebtedness the sum of $1,000.00 was paid one time and $50.00 at another time, leaving a balance due at the time the action was commenced of $1,984.11. Under these circumstances we fail to see how, it can be successfully contended that the amount in controversy exceeded $2,000.00, exclusive of interest and costs, as shown by the record.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.