### 9954

### POWELL v. SOUTHERN RY. CO. *ET AL.*

### (96 S. E. 292.)

1. REMOVAL OF CAUSES—ACTION BETWEEN NONRESIDENTS.—Where all parties to an action for a tort committed in South Carolina are non-residents of the State, the case is triable in the State, and not subject to removal.

2. REMOVAL OF CAUSES—ACTION FOR JOINT TORT—JOINDER IN MOTION.— Any motion for removal to a Federal Court of an action for a joint tort must have been made by both defendants.

3. REMOVAL OF CAUSES—TRUTH OF COMPLAINT.—For purposes of one defendant's motion to remove the action to a Federal Court, the allegations of the complaint, setting out a joint tort committed by both defendants, will be assumed to be true.

4. REMOVAL OF CAUSES—NECESSITY FOR JOINT MOTION—ALLEGATION OF JOINT TORT.—To require both defendants to join in motion for removal to Federal Court, complaint, alleging transaction was one, and that both defendants had concurrent part in it, sets out joint tort, though defendant railway company is liable under Federal Employers' Liability Act, while defendant bridge company is liable under common law.

Before MOORE, J., York, Summer term, 1917. Affirmed.

Action by Bernice L. Powell against the Southern Railway Company, and the Virginia Bridge & Iron Company. From an order denying its petition for removal to a Federal Court, the Virginia Bridge and Iron Company appeals.

*Messrs. Mordecai & Gadsden & Rutledge* and *McDonald & McDonald,* for appellant, cite: *As to the right of the Virginia Bridge and Iron Company to remove its cause to the Federal Court for the District of Virginia:* 241 Federal 696; Judicial Code, 1911, sec. 28; Hopkins Judicial Code, p. 65, sec. 65; act March 3, 1875c, 137; sec. 3, 18 Stat. at L. 470; act March 3, 1887c, sec. 1, 24 Stat. at L. 552; act August 13, 1888c, 866; sec. 1, 25 Stat. at L. 433; 1 Comp. Stat. 510; 4 Fed. Stat. Ann. 349; Pierce Code, sec. 7204; 168 Fed. Rep. 363, 366; 94 C. C. A. 609; 292 U. S. 318; 196 U. S. —; 236 U. S. —; 214 U. S. 249; 203 U. S. 449; 239 Fed. 305; 211 Fed. 505; 24 Fed. 343; 205 Fed. 821; 222 Fed. 979.

*Messrs. Mordecai & Gadsden & Rutledge, Simeon Hyde* and *McDonald & McDonald,* for appellant, cite the following additional authorities: 178 Fed. 432; 95 Fed. 368; 232 Fed. 636.

*Messrs. Dunlap & Dunlap,* for respondent, cite: *As to the jurisdiction of the State Court:* Amended act, approved April 5, 1910, sec. 28, Judicial Code; U. S. Reports, 59 L. Ed. 599; U. S. Reports, 60 L. Ed. 402; 239 U. S. 496; 60 L. Ed. 402. *As to defendants being joint tort feasors:* 76 S. C. 4; 178 U. S. 245; 44 L. Ed. 1055; 175 U. S. 635. *The Virginia Bridge and Iron Company invoked the aid of State Court:* 117 U. S. 349; 99 U. S. 545; 100 U. S. 474; 79 S. C. 204. *The State Court is at liberty to determine for itself whether, on the face of the record, a removal has been effected:* 709 of the Revised Statutes; 77 S. C. 103;

117 U. S. 430; 122 U. S. 513; 131 U. S. 240; 138 U. S. 298; 42 L. Ed. 1113.

April 15, 1918.

The opinion of the Court was delivered by Mr. Justice Gage.

The Circuit Court refused the motion of the Virginia Bridge and Iron Company, one of the two defendants, to remove the case to the Federal Court for the Western District of Virginia, the alleged domicile of both defendants, and the appeal involves the issue of removal; that is the admittedly single issue up, though there are five exceptions.

All the parties to the action, so the movements declare, are nonresidents of South Carolina; the plaintiff, of North Carolina, and the two defendants, of Virginia. The tort was done in this State. If that be so, then the case is triable in this State, and was not subject to removal. Fed. Stats. Ann. Supp. 1914, p. 678.

Again, the complaint alleges a joint tort, and any motion for a removal must have been made by both defendants. *Chicago, R. I. & P. R. Co. v. Marion,* 178 U. S. 248, 20 Sup. Ct. 854, 44 L. Ed. 1055; *Baber v. Railroad,* 76 S. C. 4, 56 S. E. 540; 11 Am. Cas. 960.

But the appellants suggest the tort was not joint, and that the testimony will show such to be so. The complaint alleges a joint tort, and for the purposes of the motion that is assumed to be true.

There is nothing in the appellants' suggestion that the railway company is liable as an employer under the act of Congress entitled the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, sections 8657-8665]) while the bridge company is liable under the common law. The complaint alleges that the transaction was one, and that both defendants had concurrent part in the transaction. It matters not that the law

casts upon each defendant a different duty thereabout; that consideration does not separate them in the performance of the same act.

The order of the Circuit Court is affirmed.