11202

CRENSHAW v. SOUTHERN POWER CO. *ET AL.*

(117 S. E., 364)

REMOVAL OF CAUSES—FEDERAL COURT NOT BOUND BY ORDER OF STATE COURT DENYING MOTION TO REMOVE.—Where defendant filed a petition and bond for removal and appealed from an order of the State Circuit Judge denying a motion to remove the case, the proper practice is to suspend the appeal and allow plaintiff to make a motion before the Federal Court to remand the case, as the Federal Court is not bound by an order denying a motion to remove made by a State Court.

Before RICE, J., York, February, 1922. Appeal suspended.

Action by J. F. Crenshaw and others against the Southern Power Company and the Arcade Cotton Mills. From an order denying the motion of defendant Southern Power Company to remove the case to the Federal Court, it appeals.

*Messrs. McDonald & McDonald,* for appellant, cite: *Separable controversy:* 1 Rose. Fed. Proc., Sec. 135; 190 U. S., 428; 34 Cyc., 1271; 110 Fed., 803; 5 L. R. A. (N. S.), 1; 177 Fed., 571; 179 Fed., 412; 185 Fed., 316; 195 Fed., 786; 212 Fed., 641; U. S., Comp. St., 1010; 257 Fed. 583; 260 Fed., 262; 232 Fed., 635; 103 U. S., 428; 23 R. C. L., 670.

*Messrs. Dunlap & Dunlap,* for respondent, cite: *On motion to remove, allegations of complaint will be taken to be true:* 110 S. C., 70. *Complaint charges joint tort:* 76 S. C., 4; 68 S. C., 55; 178 U. S., 245; 175 U. S., 635. *Test of separable controversy:* 110 S. C., 701; 68 S. C., 279; 79 Fed., 132; 42 L. Ed., 1113; 57 Fed., 321.

April 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The statement in the case shows:

"This action was commenced in the Court of Common Pleas for York County by the service of a summons and complaint on the defendants on or about the 17th day of October, 1921. The action was brought to recover from the defendants the sum of $50,000 damages for the alleged wrongful death of the plaintiffs intestate on account of the alleged acts of negligence, willfulness, and wantonness set forth in the complaint, as will appear by reference thereto. The defendant Southern Power Company is a corporation chartered and organized under the laws of the State of New Jersey, and the defendant Arcade Cotton Mills is a corporation chartered and organized under the laws of the State of South Carolina."

"Before the time for answering had expired, and on due notice, the defendant Southern Power Company duly filed with the Clerk of the Court of Common Pleas for York County its petition and bond for the removal of the cause pending in said Court to the United States District Court for the Western District of South Carolina, and also gave notice that it would, at the next term of said Court of Common pleas, move said Court for an order accepting said petition and bond and that said Court proceed no further in said cause, except to order it to be transferred to said United States District Court. The grounds upon which transfer was prayed was that it appeared from the complaint in the action that there was a separable controversy existing between the defendants, and that the Southern Power Company was not a citizen or resident of the State of South Carolina."

"The motion was resisted by the attorneys for the plaintiff; and, after hearing argument thereon, his Honor, Judge Rice, refused said motion upon the grounds stated in his order, as hereinafter appears. In due time the defendant Southern Power Company gave notice of its intention to appeal to the Supreme Court from said order."

The Federal Court is not bound by any order made by the State Courts in removal cases. The proper practice is to suspend this appeal and allow the respondents to make a motion before the Federal Court to remand the case, and it is so ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.

MR. JUSTICE COTHRAN (dissenting): Action instituted in the Court of Common Pleas for York County on October 17, 1921, against the two defendants above named, for $50,000 damages, on account of the wrongful death of the intestate, Hope Crenshaw, due as alleged to the negligent and willful acts of the defendants in certain particulars set forth in the complaint, herewith more specifically detailed.

The defendant Southern Power Company is a corporation chartered and organized under the laws of the State of New Jersey; the defendant Arcade Mills, under the laws of the State of South Carolina.

The defendant Southern Power Company, contending that the complaint disclosed a separable controversy between it and the plaintiff, duly filed its petition and bond for the removal of the case to the District Court of the Untied States for the Western District of South Carolina.

The removing defendant then gave notice of a motion before the Circuit Court for an order accepting the petition and bond, and that said Court proceed no further with the suit, except to order that it be transferred to the said United States District Court.

The motion was heard before his Honor, Judge Rice, presiding Judge who passed an order dated February 28, 1922, refusing the motion, holding that the complaint stated two causes of action: (1) One against the two defendants based upon their alleged joint negligence; and (2) one against the defendant Arcade Cotton Mills, in its failure of duty towards the deceased, arising out of the relationship of master and servant which existed between them. He held that accordingly it did not state a separable controversy as between the deceased and the Southern Power Company.

The defendant Southern Power Company has appealed to this Court from the order of Judge Rice, upon exceptions which fairly raise the matters hereinafter considered.

The following propositions have been thoroughly settled:

1. When the record, consisting of the complaint and the petition for removal, present a case which is removable under the acts of Congress, it is the duty of the State Court to accept the petition and bond for removal and proceed no further with the suit.

In *Ohio v. Swift* (C. C. A.), 270 Fed., 141, it is held that the State Court loses its jurisdiction on the filing of the

petition and bond for removal, and a dismissal of the action by the State Court subsequently thereto is void.

"The right of removal" is statutory, and "is established immediately on the filing of a proper bond, and a petition, showing on its face that the case is one which the defendant has a right to remove" under the provisions of the statute. "No issues of fact raised upon the petition or record can be tried in the State Court." *Duff v. Hildreth,* 183 Mass., 440; 67 N. E., 356.

"Where jurisdictional facts authorizing removal of a cause from a State Court to a Federal Court exist and are properly pleaded, and all the requirements of the law are met, the cause is in contemplation of law removed, and further proceedings in the State Court are void, for the cause is *ipso facto* removed." *Miller v. Soule* (D. C.), 221 Fed., 493.

"Under the statute (Section 29 of the Judicial Code * * *) it is the duty of the state to accept the petition and bond when tendered in proper form, and certify the case to the Federal District Court, which will determine for itself whether the case was wrongfully or improperly removed thereto." *Williams v. R. Co.* (D. C.), 266 Fed., 1003.

Section 29 of the Judicial Code (Barnes' Fed. Code, § 791 [U. S. Comp. St. § 10011]) provides for the filling of the petition and bond and specifically declares that, upon compliance by the removing party with those requirements, "it shall then be the duty of the State Court to accept said petition and bond and proceed no further in such suit."

"A State Court can deny an application for removal to the United States District Court only where the lack of showing is so wanting in substantive merit as to clearly disclose on the face of the application that the order should not be granted." *Gopcevic v. California Co.* (D. C.), 272 Fed., 994.

"The general rule of law, however, is undoubtedly that if the case be a removable one, the mere filing of the bond and petition in the State Court removes the case." *Frazier*

*v. Hines* (D. C.), 260 Fed., 874. *Traction Co. v. Mining Co.,* 196 U. S., 239; 25 Sup. Ct., 251; 49 L. Ed., 462. *Iowa C. R. Co.; v. Bacon,* 236 U. S., 310; 35 Sup. Ct., 357; 59 L. Ed. 591.

2. Under such circumstances, while it is entirely proper, as an act of courtesy to the State Court, to call its attention to the fact of removal by such a motion as was made in this case, no order from the State Court is necessary to give effect to the removal.

In Dillon's Removal of Causes (5th Ed.) § 137, it is said:

"It is now well settled upon the authorities that if the cause is a removable one and the statutory requisitions have been complied with, no order of the State Court for the removal of the cause is necessary to confer jurisdiction on the Federal Court, and no refusal of such an order by the State Court can prevent the jurisdiction for attaching."

In Dillon on Removal of Causes (5th Ed.) § 135, it is said:

"If the case be within the act of Congress and the petition is in due form, accompanied with the offer of the required surety or bond, the statute is that the State Court must accept the surety or the petition and bond and proceed no further in the case. Under such circumstances the State Court has no power to refuse the removal, and can do nothing to affect the right, and its rightful jurisdiction ceases *eo instante;* no order for the removal is necessary, and every subsequent exerciese of jurisdiction by the State Court, including its judgment if one is rendered, is erroneous."

In *Osteen v. R. Co.,* (S. C.), 112 S. E., 352, before the Court *en banc,* it is held:

"The defendant was under no obligation to make the motion [for removal] before Judge Sease. As a matter of courtesy to the State Court, the motion was entirely proper, but, if the petition is closed a removable case, it was, upon compliance with the Federal Statute, *eo instanti* removed to

the Federal Court, and no order made or refused by the State Court could change that status."

3. The State Court is not required to relinquish its jurisdiction unless in its opinion the record consisting of the complaint and petition upon its face presents a case properly removable under the acts of Congress; and this question it is not only the right but the duty of the State Court to determine for itself.

"If the petition in connection with the pleadings does not show that the case is removable, the jurisdiction of the State Court is not ousted, and its subsequent proceedings, if it refused to order the removal, would not, it is supposed, be void or erroneous." Dillon, Removal (5th Ed.) § 139.

"A State Court is not bound to surrender its jurisdiction by removal to the Federal Court until a case is made which on the face of the record shows that the petitioner is entitled to such a removal." *New England Co. v. Broyles* (Okl. Sup.), 209 Pac., 312.

"No order of the State Court is required for the removal of the cause to the Federal Court, and when a proper petition and bond for the removal are presented and filed, the State Court has no discretion, and must accept them and proceed no further; but the State Court is not divested of its jurisdiction, unless the petition shows the necessary jurisdictional facts, and for that reason the Court may examine the petition, and, if it be insufficient, may disregard it and proceed with the action, but the practice is, on sufficient petition, to enter order of removal, though not necessary." *Ritchey v. Robertson-Cole Distributing Corp.*, 199 App. Div., 362; 191 N. Y., Supp., 870.

"It is well settled that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the State Court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made." *Madisonville v. Mining Co.*, 196 U. S., 239; 25 Sup. Ct., 251; 49 L. Ed., 462. *So.*

*Pac. Co. v. Waite* (D. C.), 279 Fed., 171. *Ins. Co. v. Pechner,* 95 U. S., 183; 24 L. Ed., 427.

"In other words, having acquired jurisdiction originally, the Court [State] is entitled—nay, it is its duty—to proceed therewith until it shall have been 'judicially informed' (that is, informed by the tender of a proper petition in a removable cause) that its power over the case is suspended." *So. Pac. Co. v. Waite* (D. C.), 279 Fed., 171. *Amory v. Amory,* 95 U. S., 186; 24 L. Ed., 428. *Burlington R. Co. v. Dunn,* 122 U. S., 513, 7 Sup. Ct., 1262; 30 L. Ed., 1159.

"The State Court has power to examine the petition and bond, in order to ascertain whether they are sufficient. If they are insufficient, it may disregard them and proceed with the suit." Foster, Fed. Pr. (5th Ed.), § 556.

4. If the petition for removal proffers an issue or issue of facts determinative of the right of removal, the case is *eo instanti* removed to the Federal Court, where such issue or issues alone can be determined upon a motion by the plaintiff in that Court to remand the case to the State Court.

"The rule is that, when the right of removal depends upon the existence of certain facts, they must be determined by the Federal Court, which alone can determine controverted issues of fact on which the right of removal depends. It is the duty of the State Court, in such case to defer all action until such issues have been passed upon by the Federal Court. The State Court must accept as true all allegations of fact in the petition for removal." *Frazier v. Hines* (D. C.), 260 Fed., 874. *Kansas City R. Co. v. Daughtry,* 138 U. S., 298; 11 Sup. Ct., 306; 34 L. Ed., 963. *C. & O. R. Co. v. McCabe,* 213 U. S., 207; 29 Sup. Ct., 430; 53 L. Ed., 765. *T & P. R. Co. v. Eastin,* 214 U. S., 153; 29 Sup. Ct., 564; 53 L. Ed., 946. *C. & O. R. Co. v. Cockrell,* 232 U. S., 146; 34 Sup. Ct., 278; 58 L. Ed., 554.

5. In either event, where the record discloses an indisputably removable case, or where the petition proffers an issue of fact determinative of the right of removal, notwith-

standing the apparently non-removable character of the case upon the face of the record, the case is *eo instanti* removed to the Federal Court, and the State Court is powerless to make any order in the case except to recoginze the removal.

6. If in either of the events mentioned in the next preceding proposition, the State Court should nevertheless attempt to retain jurisdiction and refuse to recognize the removal, the Federal Court may proceed with the suit, and may enjoin the State Court from doing so.

"It follows that, the cause having been properly removed to the Federal Court by order of the State Court, the State Court lost jurisdiction, and the Federal Court was right in enjoining the plaintiff and W. B. Gruber from proceeding with the cause in the State Court." *Colleton Mercantile & Mfg. Co. v. Savannah Co.* (C. C. A.), 280 Fed., 358. *Madisonville Co. v. Mining Co.,* 196 U. S., 239; 25 Sup. Ct., 251; 49 L. Ed., 462. *C. & O. R. Co. v. McCabe,* 213 U. S., 207; 29 Sup. Ct., 430; 53 L. Ed., 765.

"After a case has been adjudged by the Federal Court to have been properly removed, or where the question of removal may depend upon issues to be determined solely in that Court, the Federal Court may protect its jurisdiction by enjoining any further proceedings in the State Court." *Frazier v. Hines* (D. C.), 260 Fed., 874. *Traction Co. v. Mining Co.,* 196 U. S., 239, 25 Sup. Ct., 251, 49 L. Ed., 462. *C. & O. R. Co. v. Cockrell,* 232 U. S., 146; 34 Sup. Ct., 278; 58 L. Ed., 544. *C. & O. R. Co. v. McCabe,* 213 U. S., 207; 29 Sup. Ct., 430; 53 L. Ed., 765. *Donovan v. Wells,* 169 Fed., 363; 94 C. C. A., 609; 22 L. R. A. (N. S.), 1250. *Alabama R. Co. v. American Cotton Oil Co.,* 229 Fed., 11; 143 C. C. A., 313.

7. Upon the issue of a separable controversy the allegations of the complaint control, except where the petition proffers an issue of fact which is determinative of that issue.

The question of the existence of a separate controversy must be determined by the inspection of the complaint. *Ala.*

*& Great S. R. Co. v. Thompson,* 200 U. S., 206; 26 Sup. Ct., 161; 50 L. Ed., 441; 4 Ann. Cas., 1147. *Southern Ry. Co. v. Miller,* 217 U. S., 209; 30 Sup. Ct., 450; 54 L. Ed., 732. *Powell v. Southern R. Co.,* 110 S. C., 70; 96 S. E., 292. *Smith v. Western Union Tel. Co.* (C. C.), 79 Fed., 132. In *re Vadner* (D. C.), 259 Fed., 614. *Roberts v. Underwood Typewriter Co.* (D. C.), 257 Fed., 583. *Thomas v. G. N. R. Co.,* 147 Fed., 83; 77 C. C. A., 255.

I think therefore that in either event, whether the Circuit Court rules that the record does not present a removable case and refuses to recognize the removal, or rules that the record does present a removable case and recognizes the removal, the order of the Circuit Court is appealable, as involving a substantial right, and such appeal should be disposed of and not suspended as directed in the leading opinion.

If, in the opinion of the Circuit Court, whose right and duty it is to determine that question before relinquishing jurisdiction, the record does not present a removable case, the Circuit Court would be entirely justified in disregarding the removal and in proceeding with the trial of the case; and in the event of the affirmance of its order by this Court, the defendant would have ample remedy to correct such error if it exist by writ of error from the Supreme Court of the United States.

There is, of course, a possibility of a conflict in opinion between the State Court and the Federal Court, upon the question of removability; but we cannot assume such conflict, and upon such responsibility evade the responsibility of a decision.

The vital question upon appeal therefore is: Does the complaint disclose a separable controversy between the Southern Power Company and the plaintiff, such as under the Federal Law entitles the company to remove the case to the Federal Court?

"And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of

different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district." Judicial Code. § 28; Barnes' Code, § 790 (U. S. Comp. St. § 1010).

The complaint alleges in very practical terms that the two defendants were engaged in a common enterprise, and that they jointly owned and were under a joint obligation to keep the appliances in connection with the transformer house in proper and safe repair, and that the death of the intestate resulted from their joint breach of duty in this respect. It alleges also a separate breach of the duty which the Arcade Cotton Mill, as master, owed to the intestate as a servant, with which the Southern Power Company was not connected, the failure to furnish the servant with a safe place to work, and with safe appliances, and its failure to properly instruct the servant and warn him against the damages incident to the situation on which he was placed.

So far as the act of alleged joint negligence is concerned, the Southern Power Company contends that, even if it owed the alleged duty to the intestate, the basis of its duty was a duty common with the duty owed to the public in general, while the basis of the same duty on the part of the Arcade Cotton Mill was its relation to the intestate as master; that, these bases being different, a case of separate controversy was presented.

This contention is conclusively met by the decision of this Court in the case of *Powell v. So. Ry. Co.,* 110 S. C., 70; 96 S. E., 292. In that case the action was based upon an alleged joint tort by a railroad company and a bridge company. The bridge company, a foreign corporation, removed the case to Federal Court upon the contention that as the railroad company was liable as an employer under the Federal Employers' Liability Act (U. S. Comp. St. §§ 8657-8665),

and the bridge company under the common law, a separable controversy was presented. The Court, however, held:

"The complaint alleges that the transaction was one, and that both defendants had concurrent part in the transaction. It matters not that the law casts upon each defendant a different duty thereabout; that consideration does not separate them in the performance of the same act."

The order of the Circuit Judge refusing to recognize the removal was accordingly affirmed.

A similar question arose in the case of *Atlantic Coast Line R. Co. v. Feaster* (D. C.), 260 Fed., 881, in which Judge Smith of the District Court followed the Powell Case in a similar ruling.

I think therefore that the judgment of this Court should be an affirmance and not a suspension of the order of the Circuit Court.